IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JERRY and VICTORIA EDWARDS,<br>Husband and Wife, individually,<br>and on behalf of THE TIMBER<br>PRODUCTS MANUFACTURERS TRUST<br>EMPLOYEE HEALTH BENEFIT PLAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOSHEN FOREST PRODUCTS LLC, an<br>Oregon Limited Liability Company;<br>TIMBER PRODUCTS MANUFACTURERS TRUST,<br>THE TIMBER PRODUCTS MANUFACTURERS TRUST<br>EMPLOYEE HEALTH BENEFIT PLAN,<br><br>    Defendants. | No. 6:10-cv-6114-AA<br>OPINION AND ORDER |

AIKEN, Chief Judge:

    Plaintiffs move the court for an award of attorneys fees in the amount of $96,000 pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g). Plaintiffs' motion is granted.

Page 1 - OPINION AND ORDER

BACKGROUND

Plaintiff Jerry Edwards was diagnosed with bowel cancer. He brought this lawsuit because defendant Timber Products Manufacturers Trust (TPM) refused to permit plaintiff to continue his health care coverage under COBRA, causing him to incur medical claims for his cancer treatment. Approximately two and a half years after TPM denied COBRA coverage to plaintiff, and one year after plaintiff brought this lawsuit, before plaintiff filed any dispositive motions, TPM reversed course and processed plaintiff's unpaid medical claims. The day after TPM elected to pay plaintiff's unpaid medical claims, on August 24, 2012, all parties participated in a settlement conference with Magistrate Judge Coffin and settled this lawsuit in its entirety. Pursuant to the settlement agreement, plaintiff may seek an award of attorneys' fees only against TPM, and not against defendant Goshen Forest Products LLC. Also, pursuant to the settlement agreement any fee award is capped at $96,000.

STANDARDS

Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), the court, in its discretion, may award attorney fees to a plaintiff. "[T]his section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover any attorney's fee unless special circumstances would

Page 2 - OPINION AND ORDER

render such an award unjust." <u>Carpenters Health and Welfare Trust for Southern California v. Vonderharr</u>, 384 F.3d 667, 674 (9th Cir. 2004). The court must initially determine whether plaintiff achieved "some degree of success on the merits." <u>Hardt v. Reliance Standard Life Ins. Co.</u>, 130 S. Ct. 2149, 2158 (2010). If the court determines plaintiff has achieved some degree of success on the merits, the court then considers the five factors set forth in <u>Hummel v. S.E. Rykoff & Co.</u>, 634 F.2d 446, 453 (9th Cir. 1980).

## DISCUSSION

Initially, I find that plaintiff achieved at least "some degree of success on the merits" entitling him to fees. Next, I find that the <u>Hummel</u> factors weigh in favor of an attorney fee award. Pursuant to <u>Hummel</u>, the court considers:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant question regarding ERISA; and (5) the relative merits of the parties' positions.

<u>Id.</u> No single factor is controlling nor must all factors be satisfied to render a fee award appropriate. <u>Carpenters S. Cal. Admin. Corp. v. Russell</u>, 726 F.2d 1410, 1416 (9th Cir. 1984).

I find that the <u>Hummel</u> factors weigh overwhelmingly in favor of plaintiff and an award of attorney fees. There can be no

dispute regarding TPM's unilateral course reversal in its decision to pay or cover all of plaintiff's unpaid medical claims, and TPM's apparent failure to investigate plaintiff's claim when he initially demanded his election forms in February 2010, when discussions with TPM's counsel were requested in June 2011, and when plaintiff's Amended Complaint was filed against TPM in August 2011.

Next, defendant concedes it is able to satisfy an award of attorney fees. Further, I find that a fee award may serve as a deterrent to others in defendant's position when faced with a single individual plaintiff with limited financial resources and weakened by serious terminal illness, who attempts to seek redress under a complicated federal statute such as ERISA against an employee benefit plan. Moreover, plaintiff brought this action individually and on behalf of TPM's benefit plan. Plaintiff alleges that had this case continued to trial, plaintiff would have continued to seek relief for the similarly situated plan participants and their dependents who had been denied COBRA coverage by TPM solely because a participating employer failed to provide its notice of qualifying event within 30 days of the event. Finally, regarding the relative merits of the parties' positions, I find that this factor weighs in plaintiff's favor.

Further, I find both plaintiff's hourly rates and the actual

hours billed for this case, reasonable. Relying on the Oregon Economic Survey, the hourly rates charged by plaintiff's counsel are reasonable as follows: Thulin: $400 per hour; Taylor: $350 per hour; and Tapper: $150 per hour. The court declines to increase those hourly rates as suggested by plaintiffs. The court finds that the hourly rates quoted above adequately account for both the lawyers' experience, skill and reputation in the field as well as the specialization required for ERISA work. Finally, the court finds no special circumstances that would render any attorney fee award unjust.

## CONCLUSION

Plaintiffs' motion for attorney fees (doc. 61) is granted in the amount of $96,000. Defendants' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 21st day of March 2013.

Ann Aiken
United States District Judge